RAND, McNALLY & CO.

*v.*

JOSEPH H. FRANCIS, Assignee.

*Opinion filed November 1, 1897.*

1. VOLUNTARY ASSIGNMENTS—*effect of levy of distress warrant after assignee takes possession—landlord and tenant.* An assignee for creditors taking possession of the debtor's property other than crops growing or grown on the premises, before the levy of a distress warrant for unpaid rent, takes the property free from the landlord's lien, and the landlord must share with other creditors in the funds of the assignment.

2. SAME—*assignee may avoid paying future rent by electing not to assume lease.* Under the Insolvent Debtors' act an assignee of real estate held by the assignor under an unexpired lease has a reasonable time in which to elect whether he will adopt the lease as being of benefit to creditors, and if he elects not to adopt it he is not chargeable with the rent for the unexpired portion.

3. SAME—*effect of county court's order reserving question of the rights of parties.* An order entered by the county court in an assignment proceeding reserving the question of the right of the assignor's

landlord to a prior lien for unpaid rent, and directing the assignee to retain a sum sufficient to satisfy the claim should his right to a lien be favorably determined, does not give the landlord a right to the sum so retained, unless by law he has a prior lien.

*Rand, McNally & Co. v. Francis*, 67 Ill. App. 225, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

Appellee, Joseph H. Francis, was the assignee of Leon Hornstein, an insolvent debtor, who was a tenant of Rand, McNally & Co., occupying the fifth story of a building in Chicago under a written lease providing for the payment of rent at the rate of $2000 per year, payable monthly at the rate of $166.67.   In addition thereto Hornstein was to be furnished steam power at the rate of $80 per year. Hornstein made an assignment to appellee the 17th day of September, 1895.   On the morning of the 18th appellant levied a distress warrant for rent before that time due, and took possession of the property which had been assigned to appellee.   A petition was filed in the county court of Cook county by the assignee, asking that the property be turned over to him, and such proceedings were had by the county court that it reserved the question of the claim for back rent, but ordered the assignee to retain a sum sufficient to indemnify appellant if it should be determined this claim was a prior lien.

Appellee distinctly informed appellant, the landlord, at once, that he would not assume the lease entered into by his insolvent assignor, but would pay monthly rent at the same price before paid, and would pay for steam power at the same rate.   The assignee occupied the premises for two months, and the rent was fully paid to appellant, including the use of steam power for one month.   At the end of two months the assignee closed up the business and surrendered the keys of the premises to appel-

lant. Appellant claimed a prior lien for rent due before the assignee was appointed, and also claimed rent for the unexpired time under the lease executed by the insolvent debtor.

The county court, on a final hearing, allowed appellant's claim for back rent, but held it not to be a prior lien, but that it be paid *pro rata* with other creditors, and refused to allow rent for the unexpired term after the assignee had closed the estate and vacated the property. From that order of the county court an appeal was prosecuted to the Appellate Court for the First District, and upon hearing the order of the county court was affirmed. From the judgment of the Appellate Court this appeal is prosecuted.

RALPH RORER CROCKER, for appellant.

EDWARD A. ROSENTHAL, for appellee.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

Where an assignment is made by an insolvent debtor and the property taken possession of by the assignee before the levy of any distress warrant by the landlord for rent, the assignee will take the property free and clear of any prior lien by the landlord for unpaid rent. The landlord stands in the same position as any ordinary creditor, and will only be entitled to receive payment for such unpaid rent *pro rata* with other creditors. That was the condition of affairs in this case, and it was not error for the county court to so hold.

Upon an assignment by a debtor to an assignee, under the Insolvent Debtors' act, of real estate which has been held by the assignor under a written lease, the terms of which have not expired, the assignee has a reasonable time in which to determine whether or not he will adopt the terms of the lease, and whether or not such leasehold can be made available for the benefit of creditors. (*Smith*

v. *Goodman*, 149 Ill. 75; *Spencer* v. *Columbian Exposition*, 163 id. 117.) In this case it has been determined by the judgment of the Appellate Court the 'assignee did not adopt the terms of the lease, and consequently he could not be charged for rent of the premises after he ceased to occupy them.

The effect of the order of the county court reserving the question of rights of the parties, and ordering the assignee to retain a sufficient sum to indemnify appellant if it should be determined its claim for back rent was a prior lien, gave appellant no such right as would entitle it to recover, unless by law it had a prior lien. By law it had none. Appellant was entitled to recover *pro rata* with other creditors for the rent due it before the assignee took possession. The assignee, not having assumed the lease, was only chargeable with rent for the time he occupied the premises.

The judgment of the Appellate Court affirming the order of the county court of Cook county was proper, and is affirmed by this court.          *Judgment affirmed.*